25-1831-cv
*Menora Mivtachim v. Perion*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-six.

Present:

>AMALYA L. KEARSE,
>WILLIAM J. NARDINI,
>BETH ROBINSON,
>    *Circuit Judges*.

_____

IN RE PERION NETWORK LTD. SECURITIES LITIGATION.

MENORA MIVTACHIM INSURANCE LTD., MENORA MIVTACHIM PENSIONS AND GEMEL LTD., MENORA MIVTACHIM VEHISTADRUT HAMEHANDESIM NIHUL KUPOT GEMEL LTD, CLAL INSURANCE COMPANY LTD., CLAL PENSION AND PROVIDENT LTD., ATUDOT PENSION FUND FOR EMPLOYEES & INDEPENDENT WORKERS LTD.,

>*Lead Plaintiffs-Appellants*,

>        v.                                              25-1831-cv

PERION NETWORK LTD., DORON GERSTEL, TAL JACOBSON, MAOZ SIGRON, ASAF KATZIR,

1

*Defendants-Appellees.*[*]

| | |
|---|---|
| For Plaintiffs-Appellants: | JEREMY A. LIEBERMAN (Michael Grunfeld, *on the brief*), Pomerantz LLP, New York, NY. |
| For Defendants-Appellees: | EDMUND P. POLUBINSKI III (Dana M. Seshens, Esther C. Townes, *on the brief*), Davis Polk & Wardwell LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the matter is **REMANDED** with instructions to enter an amended judgment clarifying that claims asserted by Plaintiffs-Appellants under Israeli securities law are dismissed without prejudice.

Plaintiffs-Appellants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemel Ltd, Clal Insurance Company Ltd., Clal Pension and Provident Ltd., and Atudot Pension Fund for Employees & Independent Workers Ltd. (collectively "Menora Mivtachim") appeal from a judgment of the United States District Court for the Southern District of New York, entered on July 29, 2025, dismissing with prejudice an Amended Complaint against Defendants-Appellees Perion Network Ltd. ("Perion") and four of its officers—Doron Gerstel, Tal Jacobson, Maoz Sigron, and Asaf Katzir (the "Officer Defendants").

Perion is in the search advertising business, meaning that it distributes other companies'

---

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

online search engines to third-party search publishers (owners of browser extensions, desktop and mobile apps, and the like) and then "share[s] in the revenue that was generated from advertisements that were shown in response to searches that internet users conducted while using those publishers' websites or online products." App'x 24. Menora Mivtachim alleges that Perion was "highly dependent" on its contract with Microsoft, which provided that Perion would distribute the Bing search engine to its search publisher clients. *Id.* Perion disclosed that its agreement with Microsoft accounted for between 34 and 37% of total revenue in the relevant period. In its contract with Perion, Microsoft set forth stringent quality requirements, requiring that low-quality searches—such as searches from fake users, users obtained through clickbait, and users from less valuable geographic regions—be excluded from the traffic Perion provided to Bing. Menora Mivtachim contends that, contrary to the terms of this agreement, Perion "actually derived a substantial portion of its business from low-quality publishers that dealt with junk or worthless online traffic," and misrepresented the quality of its publishers and search traffic to both Microsoft and its shareholders. App'x 23–24. Once Microsoft became aware of the "true nature of Perion's business," it excluded a number of Perion's publishers, which lowered Perion's projected revenue from this agreement "to less than 5% of Perion's revenue in the second half of" 2024 and made the agreement "no longer material to Perion." App'x 29 (internal quotation marks omitted). Consequently, Perion's stock price plunged, and Menora Mivtachim asserts that shareholders suffered hundreds of millions of dollars in losses.

On June 27, 2025, the district court dismissed Menora Mivtachim's Amended Complaint, holding that it had failed to state a claim for violations of: (1) § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (2) § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). In reaching this

conclusion, the court held that Menora Mivtachim had failed to adequately allege falsity with respect to the many dozens of purported misrepresentations or omissions detailed in the Amended Complaint, save two statements made by Defendant Gerstel. Notwithstanding these two potentially actionable statements, the court concluded that the Amended Complaint had not properly pled scienter on the part of the Officer Defendants—based either upon their motive and opportunity to commit fraud, or upon strong circumstantial evidence of their conscious misbehavior or recklessness. It also held that Menora Mivtachim's § 20(a) claim for "control person" liability against the Officer Defendants failed because it had not pled an underlying § 10(b) claim against Perion. Finally, having dismissed all the claims over which it had original jurisdiction, the court declined to exercise supplemental jurisdiction over the Israeli securities law claims also raised by Menora Mivtachim. The district court then granted Menora Mivtachim the opportunity to amend its complaint, pursuant to Federal Rule of Civil Procedure 15, to cure these defects. Plaintiffs declined to amend their complaint, requesting instead that the district court enter a final judgment, dismissing their action with prejudice, so that they could appeal to this Court. The court obliged, and the Clerk of the Court entered a judgment granting Perion's motion to dismiss with prejudice.

Upon consideration, we **AFFIRM** the dismissal of the Amended Complaint substantially for the reasons stated by the district court in its thorough opinion. However, we **REMAND** with instructions to amend the judgment to clarify that the Israeli securities law claims were dismissed without prejudice.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4